## THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
Orlando Division

In Re:

Margaret Angella Williams,
Debtor(s).

_____/

Case No:  10-21981

Chapter: 13

## MOTION FOR SANCTIONS FOR VIOLATION OF ORDER OF DISCHARGE AND TO VOID/SATISFY MORTGAGE LIEN

COMES NOW Debtor Margaret Angella Williams (hereinafter "Ms. Williams" or "Debtor") by and through her undersigned attorney and moves this court for an order providing sanctions for violation of the Automatic Stay, Permanent Discharge injunction, Discharge Order, failure to file a Notice of Change of Address, failure to file a Satisfaction of Mortgage and/or Void Mortgage, attempting to collect a satisfied debt and threatening the Debtor with foreclosure against Creditor Federal National Mortgage Association's (hereinafter "Fannie Mae") and states as follows:

### I.    INTRODUCTION

1. This Motion for Sanctions arose due to Creditor Fannie Mae's violation of the Automatic Stay, Permanent Discharge injunction, Discharge Order, failure to file a Notice of Change of Address, failure to file a Satisfaction of Mortgage and/or Void Mortgage, attempting to collect a satisfied debt and threatening the Debtor with foreclosure. Debtor Margaret Angella Williams seeks redress and damages for Fannie Mae's violations of 11 U.S.C. Section 362 and 11 U.S.C. Section 524, which should be enforced pursuant to the Courts inherent powers Under 11 U.S.C. Section 105, and those powers under 11 U.S.C. Section 105 should be broadly interpreted pursuant to Marrama v. Citizens State Bank of Massachusetts, 127 S.C. 427, 166 L. Ed 2d 267, 75 USLW 3194 (Oct 10, 2006).

2. This action is to enforce 11 U.S.C. Section 362, the automatic stay, 11 U.S.C. Section 524, the permanent discharge injunction, the order of discharge entered in this case, and other Bankruptcy Code provisions, and rules related thereto, to prevent an abuse of process and to preclude the frustration of the orderly discharge of claims in this case.

## II.    FACTUAL ALLEGATIONS

3. The debtor restates and we alleges each and every material allegation contained in paragraph 1-2 above.

4. On December 13, 2010 Ms. Williams filed a Chapter 13 bankruptcy.

5. On March 11, 2011, IBM Lender Business Process Service, Inc. filed a proof of claim 8.1 on behalf of Fannie Mae directing that Notices for Fannie Mae be sent to P.O. Box 4121, Beaverton, OR 97076. (See attached, Exhibit A)

6. On April 25, 2011, Ms. Williams filed a Motion to Value Fannie Mae's claim 8.1.

7. On November 7, 2011, an Order valuing Fannie Mae's claim was entered. (See attached, Exhibit B)

8. On November 21, 2011 an Order confirming Ms. Williams Chapter 13 Plan was entered. (See attached, Exhibit C)

9. As directed by the claim filed by Fannie Mae, Chapter 13 Trustee sent all payments to Fannie Mae at address designated by Fannie Mae's agent, IBM Lender Business Process Services, Inc.

10. On December 14, 2015 an Order of Discharge of Debtor after Completion of Chapter 13 Plan was entered. (See attached, Exhibit D)

11. On January 25, 2016, Chapter 13 Trustee filed her Report of Unclaimed Funds showing she made distributions to Creditor Claim 8 that were returned by the United States Postal Service. (See attached, Exhibit E)

12. On April 14, 2016, the Chapter 13 Trustee filed her Final Report and Account of the administration of the estate. (See attached, Exhibit F)

13. Through information and belief, sometime following the confirmation of Debtor's Chapter 13 Plan, Seterus, Inc. became the mortgage servicer of the Creditor Fannie Mae's Mortgage.

14. After Debtor received her Order of Discharge, Debtor contacted Seterus, Inc. and advised them that her bankruptcy case was discharged and requested that Seterus have the Fannie Mae Mortgage satisfied.

15. Despite Debtor's request Seterus refused to file a Satisfaction of Mortgage for the Fannie Mae Mortgage.

16. After Debtor received her Order of Discharge, Creditor's services Seterus Inc. continually called Ms. Williams attempting to collect on the discharged debt.

17. On or about November 29, 2016. Debtor's undersigned counsel sent correspondence to Seterus, Inc. advising them that the Fannie Mae mortgage was paid off through the Chapter 13 plan and further requested satisfaction of the Fannie Mae Mortgage. (See attached, Exhibit G)

18. On or about January 11, 2017 Debtor's undersigned counsel, sent additional correspondence to Seterus, Inc. via fax and certified mail advising Seterus that the Fannie Mae mortgage was paid off through the Chapter 13 plan and requesting satisfaction of the Fannie Mae Mortgage. (See attached, Exhibit H).

19. On or about January 11, 2017 Debtor's undersigned counsel, sent additional correspondence to Fannie Mae via US First Class Mail and certified mail advising Fannie Mae that the Fannie Mae mortgage was paid off through the Chapter 13 plan and requesting satisfaction of the Fannie Mae Mortgage. (See attached, Exhibit I).

20. As of the filing of this Motion, Debtor has not filed its Notice of Change of Address or taken any action to secure the unclaimed funds being held in the Bankruptcy Court Registry and the Fannie Mae mortgage has not been satisfied regarding this instant action.

### III. DAMAGES

21. The Debtor alleges that the Creditor, Fannie Mae by and through its servicer Seterus Inc.'s actions in not filing a Notice of Change of Address, not satisfying Debtor's mortgage and continuing to collect this satisfied debt after the discharge was entered, has engaged in willful and intention acts designed to collect on a debt that was discharged and satisfied.

22. The Debtor alleges that she has suffered severe stress and emotional consequences, including loss of sleep, nervousness, anxiety, and depression, by the Creditor Fannie Mae not satisfying the mortgage, continuing to collect on a debt through its agent Seterus Inc., that was satisfied and discharged and slandering her title on her property.

23. The Debtor alleges that because of Creditor Fannie Mae and its agent, Seterus Inc. actions and failure to take action, Fannie Mae and its servicer, she has suffered humiliation, her health has deteriorated due to addition stress brought on by the illegal acts alleged herein, and she is in fear that she will lose her home to foreclosure.

24. The Debtor alleges that she has not been able to obtain her "fresh start" because of Fannie Mae's willful and intentional violation of the Discharge Order in this case.

25. As a result of Fannie Mae's failure to file a Notice of Change of Address, continued wrongful collection activity in violation of Discharge Order entered in this case, the Debtor has incurred legal fees necessary to enforce the Discharge Order entered in her case and to have the Mortgage satisfied and/or voided.

WHEREFORE, for good cause stated above, Debtor prays this case be found to have merit, and the Debtor to have actual damages, that Fannie Mae be sanctioned for its actions, and that the Court enter an Order:

a.    Declaring Fannie Mae's mortgage paid in full,

b.    Satisfying/Voiding Fannie Mae's mortgage,

c.    Granting Injunctive relief pursuant to 11 U.S.C. Section 362 and 11 U.S.C. Section 524, as enforced via 11 U.S.C. Section 105, and for punitive damages in an amount to be determined as shown and reinforced by the multiple alleged willful violations of 11 U.S.C. Section 362 and 11 U.S.C. Section 524 as enforced by 11 U.S.C. Section 105,

d.    This Court enter an injunction barring Fannie Mae and its agents from any further collection activities agents Debtor,

e.    Fannie Mae be responsible for Debtor's costs and attorney fees incurred herein and,

f.    Any other such relief as the Court deems proper and just.

## DECLARATION

I MARGARET ANGELA WILLIAMS, swear or affirm that the information contained in her Motion for Sanctions is true and correct to the best of her knowledge, information, and belief.

3/3/2017
**Date**

M. Egella wl
**MARGARET ANGELLA WILLIAMS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 6th day of March 2017 by Electronic Notice or US MAIL to **Chapter 13 Trustee, Laurie K Weatherford**, Post Office Box 3450, Winter Park, FL 32790, **Creditor, Federal National Mortgage Association, David Benson, Executive Vice President**, Federal National Mortgage Association, 3900 Wisconsin Avenue, NW, Washington, DC 20016-2892 **Brian P. Brooks, General Counsel and Corporate Secretary, Federal National Mortgage Association**, 3900 Wisconsin Avenue, NW, Washington, DC 20016, **Attorney for Creditor, Roy A. Diaz, Esq., SHD Legal Group, PA**, 2691 E Oakland Park Blvd, Fort Lauderdale, FL 33306 and **Debtor, Margaret Angella Williams**, 967 NW Leonardo Circle, FL 34986.